# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-cr-0053 |
| Plaintiff, | District Judge Walter Herbert Rice |
| vs. | Magistrate Judge Sharon L. Ovington |
| ALFREDO MURRIETA Jr., | |
| Defendant. | |

# REPORT AND RECOMMENDATIONS[1]

This case came before the Court for a plea hearing on June 14, 2017. Assistant United States Attorney Sheila G. Lafferty appeared and represented the Government, and Nicholas Gounaris appeared and represented Defendant. Defendant was present with counsel.

Prior to the hearing, the parties entered into a proposed binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), which agreement has been filed of record. (Doc. #27). Under the terms of the plea agreement, Defendant agreed to plead guilty as charged in the Information currently pending against him, which charges him with Conspiracy to Possess with Intent to Distribute Fentanyl in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), all in violation of Title 21 U.S.C. § 846.

During the plea hearing, the undersigned had the opportunity to address Defendant in open court and to inform Defendant of all rights and privileges as set forth in Fed. R.

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Crim. P. 11(b)(1). Further, the undersigned carefully inquired of Defendant regarding his understanding of the agreement, as well as his competence to understand the agreement. Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered plea of guilty as charged in the Information was knowing, intelligent, and voluntary. Additionally, based upon the statement of facts, which were read into the record and affirmed by Defendant, the undersigned finds that there is a sufficient factual basis for finding that Defendant is in fact guilty of Conspiracy to Possess with Intent to Distribute Fentanyl in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), all in violation of Title 21 U.S.C. § 846.

Based upon the foregoing, it is **RECOMMENDED** that the District Court accept Defendant's plea of guilty as charged in the Information currently pending against him and find him guilty as charged of Conspiracy to Possess with Intent to Distribute Fentanyl in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), all in violation of Title 21 U.S.C. § 846.

It is further **RECOMMENDED** that the District Court defer acceptance of the proposed binding plea agreement until it has the opportunity to review the pre-sentence investigation report (PSR).

Pending the Court's acceptance of Defendant's guilty plea, Defendant has been referred to the Probation Department for a pre-sentence investigation and preparation of the PSR.

June 19, 2017                                  *s/Sharon L. Ovington*
                                               Sharon L. Ovington
                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).